IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                          |   |                                    |
|--------------------------|---|------------------------------------|
|                          | : |                                    |
| UNITED STATES OF AMERICA |   |                                    |
|                          | : |                                    |
| v.                       | : | Criminal Case No. DKC 02-0324      |
|                          | : |                                    |
| KURT T. MODESTE          |   |                                    |
|                          | : |                                    |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is an appeal filed by Appellant Kurt T. Modeste from a judgment of conviction entered by United States Magistrate Judge Charles B. Day on June 25, 2002. For the reasons that follow, the judgment will be vacated.

On January 7, 2002, Appellant pleaded guilty to a charge of larceny in violation 18 U.S.C. § 641. He agreed to the following facts proffered by the government:

> [O]n the 21st of September [Appellant] was at the Main Exchange for Andrews Air Force Base. He was observed by the video camera system placing stickers for discounts of 75 percent off onto a pair of sandals [--] [a] pair of women's sandals and a box of men's shoes that were not supposed to be 75 percent off.
>
> He then paid for the shoes at the unauthorized discounted price and parted from the exchange. Again, this was all caught on videotape, and . . . [t]he value of the shoes was $69.00.

(ECF No. 5, Ex. A, at 6-7).

Appellant's trial counsel requested that the court impose a sentence of probation, adding, "if the Court sees any way to avoid a criminal conviction, Mr. Modeste would appreciate the Court's consideration." (*Id.* at 8). When provided the opportunity to allocute, Appellant stated:

> The only thing I'd like to say, Your Honor, is that's – you know, it's [a] costly mistake and it's just going to cost me. That's all. It was dumb. It just was something I figured I could get away with, but, you know, I just got caught, and I guess I have to deal with the consequences now, don't I?

(*Id.* at 9). Judge Day orally pronounced the disposition as follows:

> I will place you on probation under probation before judgment, Criminal Procedure Article 6-220. I place you on probation for a period of one year, with the following special conditions: You must perform 30 hours of community service as directed and pay a fine in the amount of $150.00.

(*Id.* at 9-10). Upon receiving Appellant's written consent, the court entered an order staying the entry of judgment and order of probation.

On June 25, 2002, Judge Day *sua sponte* issued a memorandum opinion and order striking the stay of judgment in Appellant's case, as well as a stay issued in the case of another defendant appearing on the same date. He explained:

> After the papers establishing the
> probationary disposition were signed, the
> Court realized that it might not have had
> the authority to stay judgment for these
> federal offenses, thereby making its Orders
> unlawful. The Court would have been able to
> stay judgment if it had jurisdiction under
> [the Assimilative Crimes Act ("ACA")] for
> State of Maryland offenses. However, ACA
> only applies to state crimes, while the
> crimes charged had been federal crimes. By
> the time the Court realized the error, one
> of the defendants was no longer in the
> courtroom, and the Court believed that the
> best course of action was to leave the
> dispositions as they were and to direct
> Defendants to submit briefs on whether the
> Court had the authority to impose such
> dispositions.

(ECF No. 5, Ex. D, at 1-2). After reviewing the parties'
briefs, the court determined that Appellant's sentence was
unauthorized. It was unable, however, to find any authority
that would permit it to correct this error over five months
after the original disposition. Nevertheless, it determined
that the error must be corrected. In vacating the order staying
entry of judgment, the court acknowledged "that there is no
federal law that gives it express authority to do so." (ECF No.
5, Ex. D, at 6). By a judgment of conviction dated June 25,
2002, Appellant was sentenced to a term of probation of one
year, a fine in the amount of $150.00, and thirty hours of
community service. (ECF No. 5, Ex. D).

On July 9, 2002, Appellant noted the instant appeal. He
filed his appellate brief on August 2, 2002 (ECF No. 5), and the

3

government responded on September 9, 2002, stating only that it "does not wish to add to the . . . Memorandum Opinion Striking Stay of Judgment and Instituting a New Sentence[.]" (ECF No. 6).

Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry" by "fil[ing] a notice with the clerk specifying the judgment being appealed and . . . serv[ing] a copy on the adverse party." Rule 58(g)(2)(D) provides that "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Thus, in reviewing a judgment of conviction entered by a magistrate judge, a "district court utilizes the same standards of review applied by a court of appeals in assessing a district court conviction," rather than conducting a "trial *de novo*." *United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005).

Appellant seeks vacatur of his judgment of conviction and reinstatement of the prior disposition – *i.e.*, probation before judgment under Maryland law – and the government presents no substantive challenge. It is undoubtedly true that jurisdiction was lacking for entry of judgment over five months after the original disposition. The only statutory authority for correcting an unauthorized sentence at the time of Appellant's

4

sentencing hearing was Fed.R.Civ.P. 35(c), which provided that "[t]he court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." *See also United States v. Shank*, 395 F.3d 466, 470 (4th Cir. 2005) ("former Rule 35(c), now Rule 35(a), establishes a seven-day jurisdictional limit"). Because that seven-day period had elapsed, the court was without authority to alter the sentence.

Although the prior sentence of probation before judgment under Maryland law was "contrary to law," *United States v. Brotzman*, 708 F.Supp. 713, 714 (D.Md. 1989), the government did not object at sentencing or note an appeal. When the time for appeal elapsed, Appellant's sentence, although unauthorized, effectively became final. Because the record does not reflect that Appellant failed to satisfy any condition of the probation before judgment disposition during the one-year term, the appropriate remedy on appeal is vacatur of the underlying judgment.[1]

---

[1] Insofar as Mr. Modeste has recently filed correspondence with the court requesting expungement of his "conviction and related arrest record" in this case (ECF No. 8), this Memorandum Opinion and Order offers partial relief in the form of vacatur of his conviction. The court has no authority, however, to expunge the record of his arrest. *See United States v. Thompson*, Crim. No. HNM 95-0172, 2012 WL 2992366, at *2 (D.Md. July 19, 2012) ("district courts have 'ancillary jurisdiction to expunge criminal records,' but no 'power to expunge a record of a valid arrest and conviction solely for equitable

Accordingly, it is this 12th day of December, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1.   Appellant's judgment of conviction, dated June 25, 2002, BE, and the same hereby IS, VACATED; and

2.   The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties and directly to Mr. Modeste at the address indicated in ECF No. 8 and CLOSE this case.

                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge

considerations'") (quoting *United States v. Gary*, 206 F.Supp.2d 741, 741 (D.Md. 2002)).